## APPEAL OF WILLIAM A. SLATER MILLS, INC.

Docket No. 4241.　Promulgated December 30, 1926.

JURISDICTION.—Under the provisions of section 283(f) of the Revenue Act of 1926, the Board has jurisdiction in a case in which a jeopardy assessment was made in February, 1924, a claim for abatement made, considered, and finally rejected on March 31, 1925.

*James W. Mudge, Esq.*, for the petitioner.
*B. G. Simpich, Esq.*, for the Commissioner.

TRUSSELL: The petitioner's complaint is based upon the Commissioner's letter dated March 21, 1925, reciting the result of an audit of petitioner's income and profits-tax returns for the years 1918 and 1919, and asserting deficiencies for both of said years and rejecting a claim for abatement of a jeopardy assessment for additional income and profits taxes for the year 1917.

57694°—27——65

The issue presented involves only the additional taxes for the year 1917. The Commissioner interposed a plea to the effect that the Board had no jurisdiction as to the year 1917 and moved that the action be dismissed.

At the hearing upon this motion it appeared that the petitioner is a Massachusetts corporation, organized in the year 1920 as the successor to a corporation of the same name organized in the year 1916; that on March 28, 1918, the predecessor corporation filed its income and profits-tax return for the year 1917; that on December 28, 1920, it executed and filed a waiver of the three-year statute of limitations respecting the assessment of taxes under the Act of 1916, as amended by the Act of 1917; that on January 21, 1924, the Commissioner issued and forwarded to the petitioner a preliminary notice commonly known as a 30-day letter, indicating the finding of additional tax liability for the years 1917 and 1918, and requested petitioner to furnish waivers for each of said years. On January 30, 1924, the petitioner forwarded a protest against such additional taxes; applied for a hearing, and set up the claim that it should have the benefit of sections 210 and 328 of the Revenue Acts of 1917 and 1918, and further pleaded that the five-year limitation contained in the Revenue Act of 1921 had already run against the assessment of additional taxes for the year 1917 and at the same time forwarded a waiver as to the year 1918. On February 12, 1924, the Commissioner acknowledged the receipt of these documents and denied the request for a hearing as to 1917 unless a waiver was furnished. On February 28 or 29, 1924, the petitioner received from the collector of its district a demand for the payment of additional taxes for the year 1917 in the amount of $28,310.77. On March 10, 1924, the petitioner filed a claim for abatement of said 1917 additional taxes. Further correspondence between the petitioner and the Commissioner followed from the petitioner on April 18, November 8, December 1, 1924, and February 25, 1925, and from the Commissioner on December 10, 1924, and February 17, 1925, and finally the Commissioner's deficiency letter dated March 21, 1925, which is in full as follows:

March 21, 1925.

IT: E: SM–60–D
SEW–21833
  A–21834
  B–21835

WILLIAM A. SLATER MILLS, INC.,
    % Ropes, Gray, Boyden and Perkins, 60 State Street, Boston, Mass.

SIRS:

An audit of your income and profits tax returns for the taxable years 1918 and 1919, indicates a deficiency in tax amounting to $107,007.86, the details of which are set forth in the attached statement.

In accordance with the provisions of Section 274 of the Revenue Act of 1924, you are allowed 60 days from the date of mailing of this letter within which to file an appeal to the United States Board of Tax Appeals contesting in whole or in part the correctness of this determination.

Where a taxpayer has been given an opportunity to appeal to the United States Board of Tax Appeals and has not done so within the 60 days prescribed and an assessment has been made, or where a taxpayer has appealed and an assessment in accordance with the final decision on such appeal has been made, no claim in abatement in respect of any part of the deficiency will be entertained.

If you acquiesce in this determination and do not desire to file an appeal, you are requested to sign the inclosed agreement consenting to the assessment of the deficiency and forward it to the Commissioner of Internal Revenue, Washington, D. C., for the attention of IT: E: SM–SEW. In the event that you acquiesce in a part of the determination, the agreement should be executed with respect to the items agreed to.

Respectfully,

D. H. BLAIR,
*Commissioner.*
J. G. BRIGHT,
*Deputy Commissioner.*
B

Inclosures:
Statements.
Agreements—Form A.

**STATEMENT.**

IT: E: SM–60–D
SEW–21833
  A–21834
  B–21835

In re: WILLIAM A. SLATER MILLS, INC.,
*60 State Street, Boston, Massachusetts.*

| Year. | Deficiency in tax. |
|---|---|
| 1918 | $65, 608. 82 |
| 1919 | 41, 399. 04 |
| Total | 107, 007. 86 |

After careful consideration and review and an examination of all the facts submitted, your application under the provisions of Section 210 and 327 for assessment of your profits taxes for the years 1917, 1918, and 1919, under Sections 210 and 328 of the Revenue Acts of 1917 and 1918, respectively, has been denied, for the reason that no abnormality affecting either your capital or income has been disclosed which would bring your case within the scope of Section 210 or Paragraph (d) of Section 327. Further, the audit of your case discloses no exceptional hardship evidenced by gross disproportion between the tax computed without the benefit of Sections 210 and 328 and the tax computed by reference to the representative corporations specified in those sections.

The deficiency in tax of $65,608.82 and $41,399.04 for the years 1918 and 1919, respectively, of which you were advised in Bureau letter dated February 17, 1925, is, therefore, sustained.

*In accordance with the above conclusions, your claim for the abatement of $28,310.77 for 1917, will be rejected in full.* (Italics ours.)

The Collector of Internal Revenue for your district will be notified of the rejection at the expiration of thirty days from the date of this letter.

Upon receipt of notice and demand from that official payment should be made to his office in accordance with the conditions of his notice.

Bureau letter dated March 17, 1925, stating that the deficiency in tax had been assessed against you is in error, and is hereby revoked.

The petition was filed with the Board on May 15, 1925.

While all the foregoing proceedings leading up to this case were had prior to the enactment of the Revenue Act of 1926, this cause, and any and all proceedings had before the Board, are now governed and controlled by the provisions of the Revenue Act of 1926, and especially by section 283 (f) of said Act, a part of which reads as follows:

(f) If any deficiency in any income, war-profits, or excess-profits tax imposed by the R̟evenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, or the Revenue Act of 1921, or by any such Act as amended, was assessed before June 3, 1924, but was not paid in full before that date, and if the Commissioner after June 2, 1924, but before the enactment of this Act finally determined the amount of the deficiency, and if the person liable for such tax appealed before the enactment of this Act to the Board and the appeal is pending before the Board at the time of the enactment of this Act, the Board shall have jurisdiction of the appeal.    *    *    *

The Board has heretofore had occasion to interpret and apply the above-quoted provisions of the Revenue Act of 1926 in *Appeals of Covert Gear Co.*, 4 B. T. A. 1025; *Elizabeth W. Stranahan*, 4 B. T. A. 1141; and *Nice Ball Bearing Co.*, 5 B. T. A. 484.

We are convinced that the facts and the history leading up to this cause of action bring it clearly within the provisions of the above section 283 (f) and the rules laid down in the appeals cited above.

The Commissioner's motion is, therefore, denied, and the cause is restored to the general calendar to await such further appropriate action as may be deemed necessary.